UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES MICHAEL BRADY,**

      **Petitioner,**

**v.**                                    **Case No. 8:23-cv-1416-TPB-SPF**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

      **Respondent.**

_____/

## <u>ORDER DENYING MOTION TO DISMISS PETITION</u>

James Michael Brady, a Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moved to dismiss the petition as untimely, (Doc. 11), and Brady filed a reply opposing dismissal, (Doc. 12). For the reasons that follow, the Court **DENIES** the motion to dismiss.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has one year to file a § 2254 petition. As relevant here, the limitation period begins running on "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed

1

application for State post-conviction or other collateral review" is pending in state court. *Id.* § 2244(d)(2).

After a jury trial, Brady was convicted of domestic battery, shooting into a building, attempted second-degree murder, and witness tampering. (Doc. 11-1, Ex. 4). He was sentenced to time served for battery, as well as concurrent terms of 15 years' imprisonment for shooting into a building and life imprisonment for attempted second-degree murder and witness tampering. (*Id.*) The Second District Court of Appeal affirmed in a written opinion, and the Florida Supreme Court declined to exercise jurisdiction. (*Id.*, Exs. 4, 6).

Brady's convictions became final on February 4, 2021, when the time to seek review with the United States Supreme Court expired. (*Id.*, Ex. 6; *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002)). AEDPA's one-year statute of limitations started the next day. It ran for 255 days until October 18, 2021, when Brady filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800. (Doc. 11-1, Ex. 7). That filing stopped the clock. On November 4, 2021, the trial court granted the Rule 3.800 motion, reducing one of Brady's life sentences to 25 years' imprisonment. (*Id.*, Ex. 8).

2

The limitation period resumed on December 6, 2021, when the time to appeal the court's ruling expired. *See* Fla. R. App. P. 9.110(b).[1]

The clock ran for another 15 days until December 21, 2021, when Brady moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 11-1, Ex. 9). That filing stopped the clock. The trial court denied the Rule 3.850 motion on March 8, 2022. (*Id.*, Ex. 10). The limitation period resumed on April 7, 2022, when the appeal deadline expired. *See* Fla. R. App. P. 9.110(b). At that point, Brady had 95 days—or until July 11, 2022—to file a federal habeas petition. He missed the deadline by almost a year, filing his petition on June 15, 2023.[2] (Doc. 1 at 1).

Brady does not dispute these calculations. Instead, he seeks to excuse his untimely filing on the ground that he is entitled to equitable tolling. (Doc. 12 at 1-3). AEDPA's statute of limitations "is subject to equitable tolling in

---

[1] The change to Brady's sentence did not cause the AEDPA clock to begin anew because the amended judgment was entered "*nunc pro tunc*" to May 4, 2017, the date of the original sentencing. (Doc. 11-1, Ex. 8; *see also Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1341 (11th Cir. 2024) (holding that petitioner's "amended sentences did not restart the federal statute of limitations" because the "state court checked the *nunc pro tunc* box on [the] amended sentences"); *Cummings v. Sec'y, Fla. Dep't of Corr.*, No. 3:21-cv-711-TJC-LLL, 2024 WL 3991188, at *4 (M.D. Fla. Aug. 29, 2024) (noting that the *nunc pro tunc* rule applies "even when a trial court substantively changes the petitioner's sentence upon resentencing")).

[2] After the limitation period expired, Brady filed a petition for a belated appeal of the denial of his Rule 3.850 motion. (Doc. 11-1, Ex. 12). Although the petition was granted, "the grant of the belated appeal did not retroactively toll the un-tolled period" of 95 days. *Garcia v. Sec'y, Dep't of Corr.*, No. 19-13645-B, 2020 WL 1492163, at *1 (11th Cir. Mar. 2, 2020). Nevertheless, as discussed below, the circumstances surrounding Brady's petition for a belated appeal are relevant to his request for equitable tolling.

3

appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his § 2254 petition. *Id.* at 649. Equitable tolling requires proof of "a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id.* at 1268.

Under the unusual circumstances of this case, the Court concludes that Brady is entitled to equitable tolling. To recap, the trial court denied Brady's Rule 3.850 motion on March 8, 2022, and the appeal deadline expired on April 7, 2022. (Doc. 11-1, Ex. 10). At that point, Brady had 95 days—or until July 11, 2022—to seek federal habeas relief. Brady missed the deadline, but not through any fault of his own. As explained below, he did not receive a copy of the Rule 3.850 denial order until *after* the AEDPA deadline of July 11, 2022.

On March 1, 2022, Brady was placed in an "Isolation Management" cell at his facility "due to problems with his mental health." (Doc. 12 at 4). While

4

in this cell, Brady was not allowed to "receive legal mail."[3] (Doc. 11-1, Ex. 12, at 2). Two weeks later, on March 15, 2022, Brady was transferred to a different facility, but he remained in an Isolation Management cell where he could not receive legal mail. (*Id.* at 2-3). Brady did not learn of the Rule 3.850 denial until July 22, 2022, when he was "transferred back" to his initial facility and finally received a copy of the denial order. (*Id.* at 3). By that time, however, the AEDPA limitation period had already expired.

A "lengthy delay between the issuance of a necessary order and an inmate's receipt of it" can constitute an extraordinary circumstance that warrants equitable tolling "if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). That is what happened here. With 95 days left on the AEDPA clock, Brady filed a Rule 3.850 motion. (Doc. 11-1, Ex. 9). He reasonably expected the clock to be tolled as long as his Rule 3.850 motion was pending. *See* 28 U.S.C. § 2244(d)(2). The trial court denied relief on March 8, 2022, but Brady did not learn of that ruling until the end of July because he was unable to receive legal mail while in Isolation Management.

---

[3] The record contains an inmate grievance response in which a prison official confirmed that Brady "was placed in the [Isolation Management] cell" and was "unable to receive mail." (Doc. 11-1, Ex. 12, at 11).

(Doc. 11-1, Ex. 12, at 2). Thus, the AEDPA clock expired before Brady even realized his Rule 3.850 motion had been denied. This unusual situation satisfies the extraordinary circumstances requirement. *See Mashburn v. Comm'r, Ala. Dep't of Corr.*, 713 F. App'x 832, 839-40 (11th Cir. 2017) (petitioner met "extraordinary circumstances requirement" because AEDPA clock "expired" "before [petitioner] even knew his [state postconviction] petition had been dismissed").

In addition, Brady "pursu[ed] his rights diligently." *San Martin*, 633 F.3d at 1267. The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653. As noted above, 95 days remained on the AEDPA clock when Brady filed his Rule 3.850 motion. On August 8, 2022—approximately two weeks after receiving the Rule 3.850 denial order—Brady filed a petition for a belated appeal. (Doc. 11-1, Ex. 12). The petition was granted, and the Second District Court of Appeal affirmed the denial of relief on May 9, 2023. (*Id.*, Exs. 13, 15). The mandate issued on June 1, 2023. (*Id.*, Ex. 16). Two weeks later, on June 15, 2023, Brady filed his § 2254 petition. (Doc. 1 at 1). Thus, Brady "acted with reasonable diligence to preserve his right to assert his federal habeas claims pursuant to § 2254." *Mashburn*, 713 F. App'x at 841.

For these reasons, Brady is entitled to equitable tolling for the period between April 7, 2022 (the date the Rule 3.850 appeal period expired) and

August 8, 2022 (the date he filed his petition for a belated appeal). *See id.* at 842 (petitioner entitled to equitable tolling "from the date the [state postconviction] appeal period expired . . . until [petitioner] filed a pleading successfully seeking an out-of-time appeal"). Based on those dates, the AEDPA clock resumed on June 1, 2023, when the mandate issued in the Rule 3.850 appeal. At that point, Brady had 95 days to seek federal habeas relief. He met the deadline by filing his § 2254 petition on June 15, 2023.

Accordingly, it is **ORDERED** that:

1. Respondent's motion to dismiss the petition as time-barred, (Doc. 11), is **DENIED**.

2. No later than **90 DAYS** from the date of this Order, Respondent must submit a supplemental response addressing the merits of the petition. No later than **30 DAYS** after Respondent submits the supplemental response, Brady may file a reply. The reply must not exceed 20 pages.

3. The Clerk is **DIRECTED** to **STAY** and **ADMINISTRATIVELY CLOSE** this case until the parties submit the supplemental briefs. Upon completion of supplemental briefing, the Clerk must reopen the case and lift the stay.

**DONE and ORDERED** in Tampa, Florida, this 11th day of February, 2026.

7

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**